**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1304
_____

STEPHEN UKO UDOH,
                                              Appellant

v.

HERMINIA MOREIRA; DAWN SOLARI; STEPHEN B. RUBIN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-02929)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2019
Before:  MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 29, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Uko Udoh appeals from an order of the United States District Court for the District of New Jersey, which dismissed his civil rights suit.  We will affirm the District Court's judgment.

In May 2014, Udoh, proceeding pro se, filed a complaint in the District Court against a state prosecutor, a public defender, and a state court judge who were involved in involuntarily committing him to the Ann Klein Forensic Center.  Udoh claimed that the Defendants violated his constitutional rights by institutionalizing him because he refused to plead guilty (to unspecified charges).  The complaint alleged that experts had reported that Udoh was not mentally ill but "was only upset for being terminated unlawfully from his state job."  Udoh sought $35 billion in damages.

The Defendants filed motions to dismiss the complaint.  The District Court granted the motions, ruling, among other things, that Udoh failed to state a claim upon which relief could be granted, for numerous reasons.  The District Court declined to give Udoh an opportunity to amend, because, among other reasons, he essentially had already

had an opportunity to do so,[1] and because some of the defects could not be cured by amendment. Udoh timely appealed.[2]

Udoh's brief fails to raise any challenge to the District Court's decision to dismiss his complaint, aside from saying that a "claim was stated." Appellant's Brief at 2. He has thus waived review of the District Court's decision. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145-46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments" or those not properly preserved due to passing and conclusory statements). Nonetheless, to the extent his brief could be construed as contesting the District Court's decision, Udoh's complaint was properly dismissed, for the reasons stated in the margin.[3]

---

[1] In December 2013, Udoh filed a complaint against the same Defendants (among others), based on the same involuntary commitment. See D.N.J. Civ. No. 13-cv-07384. The District Court dismissed the complaint without prejudice under Fed. R. Civ. P. 8, and granted Udoh 30 days to amend the complaint. He did not do so; instead, he filed two new complaints based on the same incident. Those complaints were both dismissed with prejudice before Udoh filed the complaint at issue here. See D.N.J. Civ. No. 13-cv-07491 and D.N.J. Civ. No. 13-cv-07492.

[2] We have jurisdiction to review the District Court's order pursuant to 28 U.S.C. § 1291. We review the District Court's order of dismissal de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016). "We may affirm a district court for any reason supported by the record." Brightwell v. Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

[3] The District Court properly held that the state court judge and prosecutor were entitled to absolute immunity. See Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 768 (3d Cir. 2000); Imbler v. Pachtman, 424 U.S. 409, 410 (1976). The Court also properly held that the public defender was immune from suit to the extent she was performing traditional functions as counsel. Polk County v. Dodson, 454 U.S. 312, 325 (1981). To the extent

In his brief, Udoh states that "[t]he District Court erred by refusing to transfer Appellant [sic] case to Newark," because "[t]hey are all 'RACISTS' in the United States District Courthouse in Trenton, NJ." Appellant's Brief at 1. His claims of racism are completely unsupported and do not provide any reason for overturning the District Court's judgment.

For the foregoing reasons, we will affirm the District Court's judgment.

---

Udoh claimed that the public defender intentionally conspired with state officials to deprive Udoh of his rights, his allegations were devoid of facts and conclusory, and they were properly dismissed because they failed to allege a plausible claim upon which relief could be granted.